I cannot concur in the majority's conclusion that the trial court had before it clear and convincing evidence that Justin could not be placed with his mother within a reasonable time or should not be placed with her. Schafer may not be able to provide an adequate home for Justin but before depriving Schafer of her fundamental right to raise her child, the trial court was required to have before it clear and convincing evidence that she could not do so. There was no such evidence in this case.
Justin was born shortly after his mother began a one-year prison term. He was placed in foster care almost immediately and was given little opportunity to visit with his mother. Despite the fact that Schafer would be released from prison within a year, LCCS, rather than working toward reunification, moved for permanent custody of Justin. Two months before Schafer was due to be released from prison, her parental rights to her young son were permanently terminated.
We do not know, clearly and convincingly, that this mother would not have been able to adequately parent Justin, for she was never given a chance. The trial court faulted Schafer for her past, dating back to when she first became a parent at the age of eleven, for it had almost no evidence of her present parenting ability. For that reason, I respectfully dissent.